```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION

LOLA KELLY,                     §
                                §
           Plaintiff,           §
                                § Civil Action No. 3:08-CV-0266-D
VS.                             §
                                §
CAPITOL ONE AUTO FINANCE,       §
                                §
           Defendant.           §
```

## MEMORANDUM OPINION AND ORDER

Defendant Capital One Auto Finance, Inc. ("Capital One")[1] moves under Fed. R. Civ. P. 12(b)(6) for partial dismissal of this action by plaintiff Lola Kelly ("Kelly"), seeking to dismiss her claims for intentional infliction of emotional distress, retaliation, and pattern and practice of sex discrimination. For the reasons that follow, the court grants the motion.

I

Kelly sues Capital One for sex discrimination and retaliation, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and for intentional infliction of emotional

---

[1]In her complaint, Kelly spells the defendant's name "Capitol" rather than "Capital," and she refers to the defendant as "Capitol One Auto Finance" rather than "Capital One Auto Finance, Inc." Capital One maintains in its partial motion to dismiss that it is improperly identified as "Capital One Auto Finance," D. Br. 1, but it does not point out the differences in the spellings of its name. Accordingly, in this memorandum opinion and order, the court has used the case caption shown in Kelly's complaint, but it has changed the spelling to that used by Capital One in its motion and has noted that Capital One is a corporation.

distress under Texas law.[2]  Kelly was an employee in the Capital One sales department from January 2002 through August 1, 2006.  In March 2006 Kelly was placed in a Performance Improvement Plan along with other employees who did not meet company sales goals, and was subsequently transferred to an underperforming sales region.  During this period, Kelly met with her manager, Ernest Escamilla ("Escamilla"), to discuss her performance and the possibility of moving to a different department.  In June 2006 Kelly learned that the sales department would cease operations and that she would be required to transfer to a different division.  She indicated her interest in transferring to another division and communicated with Escamilla about the possibility of applying for available positions.

Kelly alleges that Escamilla responded that she could not post for the new positions because the departments that had positions available "needed bodies in the seats," and, because she was pregnant, she would be ineligible for them.  Kelly asserts that every other employee in her department was allowed to post for these positions.  Kelly complained to the Human Resources Department, which conducted an investigation and dismissed her complaints. Kelly alleges that, after she filed her complaint, her

---

[2]Kelly alleges three claims in her complaint: (1) sex discrimination; (2) intentional infliction of emotional distress; and (3) retaliation.  She does not specifically assert a claim for pattern and practice sex discrimination, but does make several factual allegations relating to such claim.  *See* Comp. ¶ 7.

work conditions deteriorated, and she was discharged on August 1, 2006, after being placed on medical leave on July 31 by her physician. Kelly filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and then filed the present suit after the EEOC issued her a right-to-sue letter.

Capital One moves to dismiss Kelly's claims for intentional infliction of emotional distress, retaliation, and pattern and practice of sex discrimination, contending that she has failed to state a claim upon which relief can be granted.

II

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. Aug. 2, 2007) (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl.*, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*

*Breaches Litig.*, 495 F.3d at 205 (quoting *Bell Atl.*, 127 S.Ct. at 1965). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).

III

The court first addresses Capital One's motion to dismiss Kelly's intentional infliction of emotional distress claim.

A

Capital One contends that Texas law precludes this claim because it is not independent of her statutory sex discrimination claim. The court agrees. In *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004), the Texas Supreme Court reiterated that intentional infliction of emotional distress was originally recognized to be a "'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Id.* at 447. In *Hoffmann-LaRoche* the court addressed the claims of a plaintiff who sued her former employer for sexual harassment and intentional infliction of emotional distress. *Id.* at 441-42. It held that because the gravamen of her complaint was sexual harassment, she was unable to pursue both claims unless she proved acts independent of her sexual harassment

claim that supported a claim for intentional infliction of emotional distress. *See id.* at 441.

Kelly acknowledges that the gravamen of her claim for intentional infliction of emotional distress is her statutory claim for sex discrimination. "Plaintiff did use the same set of allegations to support both her intentional infliction of emotional distress claims and her Title VII claims, and both sets of claims arose out of the same events and incidents." P. Br. 8-9. Accordingly, because Kelly does not assert an intentional infliction of emotional distress claim that is based on acts independent of those underlying her statutory claims, the court dismisses this claim.

B

Recognizing that her intentional infliction of emotional distress claim against Capital One "may [be] preempted by her Title VII claims," *id.* at 9, Kelly contends that she should be granted leave to amend her complaint to join Escamilla as a defendant and to assert this claim against him. Because Kelly has not filed a motion for leave, the court will not now decide whether she should be permitted to amend her complaint to join Escamilla as a defendant.[3] If Kelly intends to seek this relief, she must do so

---

[3]Capital One contends in reply that, as a matter of law, Kelly cannot assert a claim against Escamilla because Title VII does not create a cause of action against supervisors or individual employees. The court expresses no view on this argument because Kelly has not yet moved to join Escamilla. If Kelly does so, and

no later than the September 1, 2008 deadline prescribed by the scheduling order.[4]

IV

The court next considers Capital One's motion to dismiss Kelly's retaliation and pattern and practice claims. Capital One contends that Kelly failed to exhaust her administrative remedies for these claims. Specifically, it maintains that Kelly's EEOC charge does not contain factual allegations that are like or related to these claims.

A

There is a split of authority within the Fifth Circuit about whether the Title VII exhaustion requirement implicates the court's subject matter jurisdiction. *Pacheco v. Mineta*, 448 F.3d 783, 788 n. 7 (5th Cir. 2006) ("There is disagreement in this circuit on whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or

---

the court grants such leave, Capital One will be able to test the claim under Rule 12(b)(6) or Rule 56, permitting the court to decide whether Kelly has sufficiently pleaded (or can establish) the extreme and outrageous conduct that is necessary to establish such a claim. *See, e.g.*, *Hoffmann-LaRoche*, 144 S.W.3d at 445 (explaining, *inter alia*, that "it is for the court to determine, in the first instance, whether a defendant's conduct was extreme and outrageous").

[4]If she fails to seek leave by the court-ordered deadline, she must establish good cause under the Fed. R. Civ. P. 16(b)(4) standard for modifying the scheduling order before the court considers whether leave should be granted under the more liberal standard of Rule 15(a)(2).

whether it is a requirement that implicates subject matter jurisdiction."). Although for the sake of convenience the court will discuss exhaustion in jurisdictional terms, the result of today's decision would be the same if the court considered exhaustion to be "merely a prerequisite to suit." *Id*.

The filing of an administrative complaint is ordinarily considered a jurisdictional prerequisite to a Title VII action. *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995) (citing *Ray v. Freeman*, 626 F.2d 439, 442 (5th Cir. 1980)), *abrogated in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006)). In other words, federal courts do not have jurisdiction to consider unexhausted Title VII claims. *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994) (citing *Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir. 1990) (per curiam)). Exhaustion does not occur until the plaintiff files a timely charge with the EEOC and is entitled to receive a "right-to-sue" letter. 42 U.S.C. § 2000e-5(e) and (f); *see also Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). "The lawsuit that follows is limited in scope to the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination. In other words, the complaint may encompass any kind of discrimination 'like or related to' allegations contained in the EEOC charge." *Hayes v. MBNA Tech., Inc.*, 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004)

(Fitzwater, J.) (citations omitted).

B

Kelly only checked the box marked "sex" on her charge of discrimination, and stated in the text of the charge that "[she] was told that [she] could not apply for the transitional positions because of [her] pregnancy [and that she] was later discharged due to performance while on medical leave for pregnancy complications." Kelly further stated that she believed that she "was discriminated against because of [her] sex, female (pregnancy) . . . ." D. App. 1.

Kelly's failure to check a particular box does not of itself determine the scope of her EEOC charge. *Pacheco*, 448 F.3d at 792 ("To be clear, we do not require that a Title-VII plaintiff check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency." (footnote omitted)). The court must also consider the factual allegations contained in the charge. Kelly did not include any statements or allegations in the text of the charge reflecting her complaint of retaliation or practice and pattern discrimination. The factual allegations concern instead her individual experience of being discharged because she was pregnant. These allegations, even liberally construed, could not reasonably be expected to lead to the investigation of a claim that the discharge was in retaliation for complaining to the Human Resources Department, or that Capital

One had engaged in a practice and pattern of discriminating against female employees.

Moreover, although a retaliation claim need not be exhausted where the person complains of retaliation for filing the EEOC charge itself, Kelly complains of retaliatory acts that preceded the filing of her EEOC charge. These acts do not fall within this exception. *See Hayes*, 2004 WL 1283965, at *9. "Where the alleged retaliation occurs before the initial EEOC charge is filed, a plaintiff must exhaust [her] administrative remedies on that claim." *McCray v. DPC Indus., Inc.*, 942 F. Supp. 288, 295 (E.D. Tex. 1996). Accordingly, the court holds that these claims are not sufficiently "like or related to" allegations contained in the EEOC charge. *See Hayes*, 2004 WL 1283965, at *3.

C

Kelly also contends that before filing her charge, she sent a letter to the EEOC identifying facts that supported the pattern and practice and retaliation claims, and that she did not include these facts in her charge because she had not been made aware of the importance of including these details in her charge. Kelly urges the court to consider the alleged contents of this letter in determining whether she has exhausted her retaliation and practice and pattern claims.

"[W]hen determining whether a claim has been exhausted, the decision is to be based on the four corners of the EEOC charge."

*Id.* at *6.  Although "the court may also consult related documents," the court must determine that "(1) the facts set out in the document are a reasonable consequence of a claim set forth in the EEOC charge, and (2) the employer had actual knowledge of the contents of the document during the course of the EEOC investigation." *Id.*

Kelly neither alleges that Capital One had knowledge of the contents of her letter to the EEOC, nor that the EEOC investigation encompassed the claims contained in the letter.  Unlike *Hayes*, Kelly's letter did not accompany the charge itself, but was allegedly submitted in August 2006, two months before she filed her discrimination charge.  The court therefore declines to consider Kelly's allegations regarding the contents of her pre-charge letter in determining exhaustion, and it hold that Kelly's retaliation and pattern and practice claims were not properly exhausted.

D

Kelly also seeks to amend her EEOC charge to include her unexhausted claims.  She relies on an EEOC regulation, 29 C.F.R. § 1601.12(b) (2007), which provides, in part:

> A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein.  Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.  A charge that has been so amended shall not be

required to be redeferred.

Capital One responds that courts interpreting this regulation in similar circumstances have held that an EEOC charge cannot be amended once the EEOC issues a notice of right-to-sue and has terminated its processing of a plaintiff's charge. *See Hazeur v. Fed. Warranty Serv. Corp.*, 2000 WL 365013 *1-*2 (E.D. La. Apr. 7, 2000) ("Where, as here, the EEOC issued previously a Right to Sue Notice, a suit was initiated, and the EEOC terminated its processing of plaintiff's charge, there is no longer a viable charge pending before the EEOC that is capable of amendment.") (citing *Balazs v. Liebenthal*, 32 F.3d 151, 157 (4th Cir. 1994)).

In both *Balazs* and *Hazeur*, the courts addressed attempts to relate a filed EEOC charge to a previously-filed charge. In *Balazs* the EEOC did not relate the attempted amendment to the charge on which it had already closed its file, but instead treated it as a new charge, assigning it a new claim number and file. *Balazs*, 32 F.3d at 157. The court concluded that the amended charge could not relate back to the prior charge.

Kelly alleges that the EEOC issued her a right-to-sue notice, but she does not indicate whether the EEOC has terminated her charge. 29 C.F.R. § 1601.28 (2007) provides that the issuance of a right-to-sue notice terminates an EEOC charge, unless it is determined that it would effectuate the purposes of Title VII to

process the charge further.[5]

The court agrees with the reasoning in *Hazeur* and *Balazs* that an EEOC charge cannot relate back to a previous charge where the EEOC has issued a right-to-sue notice, a suit has been initiated, and the EEOC has terminated its processing of the previous charge. In these circumstances, there is "no longer a viable charge pending before the EEOC that is capable of amendment." *Hazeur*, 2000 WL 365013, at *2. In the present case, because Kelly does not appear to have attempted to file an amended charge with the EEOC (as was the case in *Hazeur* and *Balazs*), and because the court has no basis to determine from the face of Kelly's complaint whether her existing EEOC charge has been terminated, the court declines to hold as a matter of law that Kelly is precluded from now amending her EEOC charge under 29 C.F.R. § 1601.28. At the same time, because Kelly's current charge does not contain factual allegations concerning her retaliation and pattern and practice claims, as

---

[5] 29 C.F.R. § 1601.28 states, in relevant part:

> (3) Issuance of a notice of right to sue shall terminate further proceeding of any charge that is not a Commissioner charge unless the District Director; Field Director; Area Director; Local Director; Director of the Office of Field Programs or upon delegation, the Director of Field Management Programs; or the General Counsel, determines at that time or at a later time that it would effectuate the purpose of title VII or the ADA to further process the charge. Issuance of a notice of right to sue shall not terminate the processing of a Commissioner charge.

discussed above, the court must dismiss her claims as unexhausted. If, however, the EEOC permits Kelly to amend her charge within a time-frame that does not unduly interfere with the progress of this litigation, Kelly can seek leave to amend to restore these claims to this lawsuit.

\* \* \*

Accordingly, the court grants Capital One's April 7, 2008 partial motion to dismiss for failure to state a claim, and it dismisses Kelly's claims for intentional infliction of emotional distress, retaliation, and pattern and practice of sex discrimination. The balance of Kelly's lawsuit remains to be litigated.

**SO ORDERED.**

July 7, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE