IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LOLA KELLY, §
§
        Plaintiff, §
§ Civil Action No. 3:08-CV-0266-D
VS. §
§
CAPITOL ONE AUTO FINANCE, INC., §
§
        Defendant. §

MEMORANDUM OPINION
AND ORDER

Plaintiff Lola Kelly's ("Kelly's") September 2, 2008 motion to join Earnest Escamilla ("Escamilla") as a defendant is denied.[*]

Kelly seeks to join Escamilla under Fed. R. Civ. P. 19, 20, or 21. She asserts claims against Escamilla under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and for intentional infliction of emotional distress. She cannot satisfy any of the applicable standards for joinder under any of these rules, however, because she does not have a viable claim against Escamilla on either asserted basis.

Kelly concedes that Escamilla was her supervisor, and the law is clear that Title VII does not permit the imposition of liability upon an individual who does not meet Title VII's definition of "employer." *See, e.g., Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994).

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Moreover, the court has already explained in this case why Kelly has not pleaded a viable claim for intentional infliction of emotional distress. *See Kelly v. Capitol One Auto Finance*, 2008 WL 2653202, at *2 (N.D. Tex. July 07, 2008) (Fitzwater, J.). This reasoning applies to Escamilla as well.

Kelly's September 2, 2008 motion to join Escamilla as a defendant is therefore denied.

**SO ORDERED**.

October 15, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE